THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAÚL SÁNCHEZ GONZÁLEZ, Defendant and Appellant.

No. CR-63-60.      Decided March 20, 1964.

*Víctor Velasco Gordils* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

An information was filed against appellant because he committed a lewd and lascivious act against a girl under the age of 14 years with the intent of arousing, appealing to, or gratifying the lust or passions and sexual desires of such child, the lewd and lascivious act consisting in kissing the breasts of said minor. At the hearing of the case the evidence showed, that instead of kissing the breasts, defendant had sucked the minor's breast. Whether or not this constitutes a fundamental variance affecting the defense of the defendant, *quaere.*

What has seemed strange to us is the attitude of the judge in denying the defendant the possibility of obtaining a suspended sentence. The incident was produced at the moment of pronouncing judgment in the following manner:

"JUDGE:

Raúl Sánchez González, the district attorney, filed an information against you for violation of § 260 of the Penal Code. This case was tried before a jury on January 25, 1963. After the evidence was introduced and the jury was duly instructed, they withdrew to deliberate and brought in a verdict of guilty of violation of § 260 of the Penal Code. Is there any reason or legal ground why judgment should not be rendered?

MR. VELASCO:

Your Honor, in this case we are not prepared to receive sentence because we have to make certain studies of a medical and legal order before the pronouncement of sentence and we shall request. . . .

JUDGE:

Of what order?

MR. VELASCO:

Legal and medical. We believe that it is justified in this case to have it referred to the probation officer in order that the latter may study the case and hand in a report on this young man on the ground that since he is under twenty-one years of age and has no previous record of the commission of this offense, being also a student, his case should be referred to the probation officer and we are about to read certain reports of

some psychiatrists who I believe make the recommendation to all the judges that a suspended sentence should be given in these cases and the defendant be submitted to psychiatric treatment instead of committing him to jail to serve a sentence. If he is committed to jail, the purpose of the law to regenerate the delinquent shall not be served. We ask for another day.

JUDGE:

One of the purposes of the law is to rehabilitate the delinquent, to return him to the society without any intention of committing an offense. Society protects him when in the opinion of the court the individual does not constitute a risk to the community where he lives. The law expressly states that the question of probation is within the discretion of the court, and the court —this judge—in these cases simply does not exercise his discretion in favor of the defendant; never. In cases of § 260, if the defendant is acquitted, he goes home, but if the defendant is guilty I do not give him probation. That is no legal reason why sentence should not be pronounced. The judge believes that violation of § 260, to commit a lewd and lascivious act on the person of a child under fourteen years of age, is simply, as I said before, repugnant to this judge and I would be acting against my conscience if this case or any other case were referred to the probation officer, and in this case particularly where the evidence says that this young man lives in a housing development where a great number of girls live. In this case she was his neighbor, his friend, and the evidence was weighed by the jury declaring him guilty and the court—it believes that there is no legal reason. . . . .

MR. VELASCO:

We respectfully believe that it is not a legal question. . . .

JUDGE:

The law says, counsellor, that it is discretionary to submit the case to the probation officer. If it is discretionary no one may go against it. Otherwise, the law would say in these cases that the judge is bound to refer it to the probation officer. The court imposes an indeterminate sentence of two to four years in the penitentiary at hard labor.

MR. VELASCO:

We request the reconsideration of this sentence.

JUDGE:

Overruled. Marshal, take charge of the defendant."

According to the evidence this is an appropriate case for the suspension of the sentence, after the moral and social circumstances as well as of public order required for the suspension have been investigated. This is an offense which is committed within a game of adolescents who begin "boxing", and all of a sudden they are interrupted in their innocence by the urge for love inspired by nature. In the adjacent room, with the door open, there are other adolescents hearing a radio. Both adolescents involved in this case have reached the hybrid age in which, although we cannot expect them to have a full understanding between good and evil, at least, we are compelled by law to suppose that they have certain concepts of the "fault" and it is in this sense that we must use our discretion in order to mitigate the rigor of the law without forfeiting its corrective function.

■■ It seems that the trial judge believes that in these sexual cases he has absolute discretion—"if it is discretionary no one can go against it"—to deny any proceeding of rehabilitation to the convict. No court of justice has such an absolute discretion. It may be established as a well-settled rule that any delegation of legislative power granting absolute discretion would be unconstitutional because it would be tantamount to a delegation *in toto* of the legislative power, an action which is contrary to the constitutional canons of a democracy.

■ The legal concept of discretion does not mean the power to act one way or another, abstracting the situation from the rest of the law, but the obligation to apply the rules of the distinctive knowledge to certain juridical facts for the purpose of mitigating the adverse effects of the law, at times distinguishing one effect from others. Discretion is, therefore, a way of reasonableness applied to the judicial discernment in order to reach a just conclusion, when the

coactive elements of the law are superior to the remedial elements. Discretion allows a slight departure from the law in search of justice.

The judgment should be affirmed, but at the same time it is ordered that the case of appellant be passed to the probation officer who shall take the steps for the suspension of the sentence, if proper.